UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-2992 (APM) |
| CRAIG DAVITIAN et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America, filed this action to collect joint federal income taxes owed by Defendants Craig and Sherlene Davitian for the years 2003 and 2007–2012. Compl., ECF No. 1, at 1. Defendants have moved for partial summary judgment on their liability for the 2003 tax year. Defs.' Mot. for Partial Summ. J., ECF No. 19 [hereinafter Defs.' Mot.]. Plaintiff has cross-moved for summary judgment on Defendants' tax liabilities for each of the years at issue (2003 and 2007–2012). Pl.'s Mot. for Summ. J., ECF No. 20 [hereinafter Pl.'s Mot.]. For the reasons below, the court denies Defendants' motion and grants in part and denies in part Plaintiff's motion.

### I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable factfinder could find for the nonmoving party, and a fact is "material" only if it can affect the outcome of litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court, in assessing a motion for summary judgment, views the facts in the light most favorable to the nonmoving party, and it draws all justifiable inferences in that party's favor. *Id.* at 255. The nonmoving party must put forward "more than mere unsupported allegations or denials" to defeat a motion for summary judgment. *Elzeneiny v. District of Columbia*, 125 F. Supp. 3d 18, 28 (D.D.C. 2015) (citing Fed. R. Civ. P. 56(e)). It must support its opposition "by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial" and that a reasonable jury could find in its favor. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## II.

### A.

Both parties move for summary judgment with respect to Defendants' income tax liability for 2003. The parties contest whether the limitations period for that tax year expired before the IRS assessed certain amounts. Defendants highlight an entry on the Certified Transcript, IRS Form 4340, for the 2003 tax year signifying that the parties agreed to extend the assessment period to April 15, 2009. Defs.' Mot., Defs.' Mem. of P. & A. in Supp. of Mot. for Summ. J., ECF No. 19-2 [hereinafter Defs.' Mem.], at 2; Pl.'s Mot., Form 4340 for Dec. 2003 Tax Period, ECF No. 20-4 [hereinafter 2003 Certified Tr.], at 1 ("08-07-2006: ASSESSMENT STATUTE EXPIR DATE EXTEND TO 04-15-2009"); *see also* Pl.'s Mot., IRS Account Tr. for Tax Period Dec. 31, 2003, ECF No. 20-11 [hereinafter 2003 Uncertified Tr.], at 1. Defendants assert that the statute of limitations for assessment of taxes for 2003 expired on that date and that, as a result, a subsequent tax assessment on August 10, 2009, for $9,800, as well as a later assessment for interest of $55,480, was untimely and is invalid. Defs.' Mem. at 2.

Plaintiff counters that the statute of limitations ran from a later date—the date the Defendants filed their tax return for the 2003 tax year, September 26, 2007—rendering the subsequent assessments timely. Pl.'s Opp'n to Defs.' Mot., ECF No. 22 [hereinafter Pl.'s Opp'n], Mem. in Supp., ECF No. 22-1 [hereinafter Pl.'s Opp'n Mem.], at 3 (arguing that the correct expiration date was September 26, 2010); 26 U.S.C. § 6501(a) ("Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years *after the return was filed . . . .*" (emphasis added)). As proof of filing, Plaintiff points to an entry dated September 26, 2007, on an uncertified account transcript for the 2003 tax year that reads "[t]ax return secured." Pl.'s Opp'n Mem. at 3; 2003 Uncertified Tr. at 2. This date does not appear on the Certified Transcript, however, and there is no other entry on the Certified Transcript that would extend the statute of limitations on assessment beyond April 15, 2009. 2003 Certified Tr. at 1. The distinction between the certified and uncertified transcript is salient because "a certified copy of the taxpayer's Form 4340 triggers [a] presumption of correctness in favor of the government." *Dallin ex rel. Estate of Young v. United States*, 62 Fed. Cl. 589, 600 (Fed. Cl. 2004); *see also United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Ross v. United States*, 949 F. Supp. 2d 272, 283–84 (D.D.C. 2013) (applying a "strong presumption of the correctness of the findings of the Commissioner of Internal Revenue" to certified transcripts documenting dates and amounts of assessments). But an uncertified transcript is entitled to no such presumption.

The court finds that there is a genuine dispute of material fact as to when the limitations period expired for Defendants' 2003 tax year. The record is ambiguous as to whether, as Plaintiff claims, Defendants filed their 2003 return on September 26, 2007. The uncertified account transcript on which Plaintiff relies appears to be, as Defendants note, "merely a computer print-out and seemingly not reviewed by anyone, let alone certified as correct." Defs.' Reply to Pl.'s

3

Opp'n, ECF No. 23 [hereinafter Defs.' Reply], at 8.  It accordingly receives no presumption of correctness.  To bolster the uncertified transcript, Plaintiff has presented a declaration by IRS official Douglas Moore.  Pl.'s Opp'n, Decl. of Revenue Officer Douglas P. Moore, ECF No. 22-3 ¶ 11.  But that declaration simply relies on and restates the information contained in the uncertified transcript.  *See id.* ("The Davitians' filing of their joint federal income tax return for 2003 on September 26, 2007 is shown on the [uncertified] Account Transcript for 2003.").  It provides no independent support for Plaintiff's position.

Moreover, the ostensible September 26, 2007, return-filing date is notably absent from the 2003 Certified Transcript.  *See* 2003 Certified Tr. at 2.  That absence is made all the more glaring by the fact that the return-filing date *does* appear on each of the certified transcripts for 2007, 2008, 2009, 2010, 2011, and 2012.  Pl.'s Mot., Form 4340 for Tax Period 2007, ECF No. 20-5, at 1; Pl.'s Mot., Form 4340 for Tax Period 2008, ECF No. 20-6, at 1; Pl.'s Mot., Form 4340 for Tax Period 2009, ECF No. 20-7, at 1; Pl.'s Mot., Form 4340 for Tax Period 2010, ECF No. 20-8, at 1; Pl.'s Mot., Form 4340 for Tax Period 2011, ECF No. 20-9, at 1; Pl.'s Mot., Form 4340 for Tax Period 2012, ECF No. 20-10, at 1.  Plaintiff offers no explanation for this discrepancy.  Therefore, summary judgment in favor of Plaintiff is not warranted.

Yet, as noted, Plaintiff has offered *some* evidence in the form of the uncertified transcript and the sworn Moore declaration as proof that Defendants filed their 2003 tax return on September 26, 2007.  And if that is the case, Plaintiff contends that the Internal Revenue Code's three-year period supersedes any prior expiration date on assessment.  *See* Pl.'s Opp'n Mem. at 3 ("If there was a waiver submitted extending the assessment statute expiration date to April 15, 2009, it did

not change the later deadline provided under the Internal Revenue Code."). Thus, the court cannot grant summary judgment in favor of Defendants, either.[1]

In short, there remains a material factual dispute as to whether Defendants filed their return on September 26, 2007, and therefore, the question of when the limitations period expired cannot be resolved as a matter of law on this record. Thus, the court cannot grant either party's motion for summary judgment on the 2003 tax year.

**B.**

Plaintiff has also moved for summary judgment regarding Defendants' liability for the 2007–2012 tax years. The parties do not dispute the federal income tax assessments, late-filing penalties, other tax penalties, and assessments of statutory interest listed on the certified transcripts dated February 1, 2019, for these years. Defs.' Resp. to Pl.'s Mot., ECF No. 21 [hereinafter Defs.' Resp.], at 2–10; *see also id.* at 19 ("Defendants do not contest many of the details in the verified certificates, and indeed aver that the government must also be bound to the facts set forth in the verified Certificate of Assessments."). The court therefore grants Plaintiff summary judgment as to these amounts on the certified transcripts.

However, while Defendants admit to the various assessments appearing in the certified transcripts for 2007–2012, they raise factual questions about the IRS's calculations of the overall balances for these years. In their Controverting Statement of Facts, Defendants state:

> Plaintiff's statements of the balances due as of February 1, 2019, as compared to Plaintiff's statements of the balances due on July 8,

---

[1] The court notes that Defendants have not argued that, even if they had filed a return in September 2007 as Plaintiff claims, such filing as a matter of law would not have restarted the assessment period under 26 U.S.C. § 6501(a) because Defendants previously had agreed to extend the period to a date certain and had not agreed to a further extension of time. *See* 26 U.S.C. § 6501(c)(4)(A) ("Where, before the expiration of the time prescribed for the assessment of any tax imposed by this title, . . . both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."). The court takes no position on this legal question.

> 2019, for the years 2007 through 2012 have no mathematical or evidentiary basis and are not factually correct statements of Defendants' alleged liability for each of the years at issue[.]

Defs.' Resp. at 12; *see also id.* at 3–8, 10 (admitting the assessments and penalties on the certified transcripts but denying the overall liability for each year asserted by Plaintiff as of July 8, 2019); *id.* at 11–12 (noting that each certified transcript states that it "reflect[s] *all* assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification" (emphasis added) (internal quotation marks omitted)).  A presumption of correctness attaches to the assessments appearing on the certified transcripts for the relevant years, *Dallin*, 62 Fed. Cl. at 600, but those transcripts do not account for the entirety of the balances now asserted by Plaintiff.  Defs.' Resp. at 13 (showing the difference between Defendants' asserted overall tax liability as of February 2019 and July 2019).

Plaintiff attaches to its Motion a declaration by IRS official Kenneth Lemeur, which includes a chart purporting to break down the taxes owed by Defendants for 2007–2012.  *See* Pl.'s Mot., Decl. of Acting Advisory Group Manager Kenneth Lemeur, ECF No. 20-3 ¶ 12.  However, the declaration fails to account for the difference between the total "amount of assessment" on the certified transcripts and the "outstanding balance" for each year.  *Id.*  It merely states, without further explanation, that the outstanding balances "include statutory interest and penalties that have accrued, and which continue to accrue, on the remaining unpaid taxes."  *Id.* ¶ 12 n.1.

The record nowhere reflects how the IRS calculated the July 8, 2019 outstanding balances. Plaintiff does not provide an explanation in its Motion or its Opposition to Defendants' Motion, and it did not submit a reply to Defendants' Response at all.  Plaintiff has therefore "fail[ed] to properly address [Defendants'] assertion[s] of fact" regarding the calculation of outstanding

balances for the 2007–2012 tax years.  Fed. R. Civ. P. 56(e).  As a result, the court finds that there remains a genuine issue of material fact as to the overall balances asserted by the IRS for the years 2007–2012 and denies Plaintiff's motion for summary judgment with respect to these amounts.

### III.

For the foregoing reasons, the court denies Defendants' motion for summary judgment and grants Plaintiff's motion for summary judgment only with respect to the assessments and penalties appearing on the February 1, 2019, versions of the certified transcripts for the 2007–2012 tax years. The court denies Plaintiff's motion for summary judgment as to the 2003 tax year and as to the overall balances as of July 2019 for the 2007–2012 tax years.

Dated:  August 13, 2021

Amit P. Mehta
United States District Court Judge